Case 4:24-cv-04941   Document 7   Filed on 02/05/25 in TXSD   Page 1 of 4

United States District Court
Southern District of Texas
**ENTERED**
February 05, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| YASMIN WATSON, <br> BOP #53013-510 | § § § | |
| Petitioner, | § § | |
| v. | § § | CIVIL ACTION NO. H-24-4941 |
| WARDEN, FDC HOUSTON, | § § | |
| Respondent. | § § | |

**MEMORANDUM OPINION AND ORDER**

Federal inmate Yasmin Watson (BOP #53013-510) filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, challenging the manner in which her sentence is being executed. (Docket Entry No. 1). Under Rule 4 of the Rules Governing Section 2254 Proceedings in the United States District Courts, the court is required to review a petition for federal habeas corpus relief and dismiss it if "[i]t plainly appears from the petition . . . that the petitioner is not entitled to relief."[1] After considering Watson's petition and all matters of record, the court dismisses her petition. The reasons are explained below.

**I.    Background**

In February 2024, Watson was sentenced to a 21-month prison sentence followed by 3 years of supervised release, based on a conviction for conspiracy to commit disaster fraud. (*See United States v. Watson*, No. 4:23-CR-34-1, Docket Entry No. 50 and Minute Entry for 2/1/2024 (S.D. Tex.)); (Docket Entry No. 1 at 1).

---

[1] Rule 1(b) renders the Rules applicable to § 2241 proceedings.

On December 16, 2024, Watson filed a petition for a writ of habeas corpus. (*See* Docket Entry No. 1). Watson appears to challenge both the computation of her sentence and seeks transfer to a halfway house. (*See id.* at 9–25).

## II. Discussion

A prisoner must exhaust all available administrative remedies before challenging the administration of the sentence in a federal habeas petition. *See Gallegos-Hernandez v. United States,* 688 F.3d 190, 194 (5th Cir. 2012) (per curiam); *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994) (per curiam); *Rourke v. Thompson*, 11 F.3d 47, 49 (5th Cir. 1993). A prisoner must "fairly present" all claims through all steps of the available administrative remedy process before pursuing federal habeas relief. *Dickerson v. Louisiana*, 816 F.2d 220, 228 (5th Cir. 1987) (citing *Picard v. Connor*, 404 U.S. 270, 275–76 (1971)). Prisoners who voluntarily stop pursuing their administrative remedies prematurely have not exhausted those remedies. *See Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001). Similarly, a prisoner who either starts or continues administrative remedy proceedings after filing the habeas petition has not exhausted. *See Cartwright v. Outlaw*, 293 F. App'x 324, 324 (5th Cir. 2008) (per curiam); *Little v. U.S. Parole Comm'n*, 67 F. App'x 241, 2003 WL 21108493, at *1 (5th Cir. Apr. 21, 2003) (per curiam) (finding that an administrative appeal filed "right after" a prisoner files his or her habeas petition did not satisfy the exhaustion requirement). When a prisoner fails to exhaust the available administrative remedies before filing a habeas petition, the petition is subject to dismissal. *See Fuller*, 11 F.3d at 62.

The Bureau of Prisons has a four-step administrative remedy process through which a prisoner may seek formal review of an issue that relates to an aspect of the prisoner's confinement. *See* 28 C.F.R. §§ 542. In the first step, the prisoner uses a BP-8 form to present the issue to staff

at the facility where he or she is housed. *See* 28 C.F.R. § 542.13(a). If the issue is not resolved to the prisoner's satisfaction, the second step is for the prisoner to file a formal Administrative Remedy Request with the warden using a BP-9 form. *See* 28 C.F.R. § 542.14(a). The warden has 20 days to respond to the request, which may be extended for an additional 20 days. *See* 28 C.F.R. § 542.18. If the prisoner does not receive a response within that time, including any extension, the request is deemed denied. *Id.* If the prisoner is not satisfied, the prisoner can appeal to the Regional Director within 20 days of the warden's response using a BP-10 form. *See* 28 C.F.R. § 542.15(a). The Regional Director has 30 days to respond to the appeal, a period that may be extended once for another 30 days. *See* 28 C.F.R. § 542.18. If the prisoner does not receive a response within the permitted time, including any extension, the appeal is viewed as denied. *Id.* If the prisoner is not satisfied with the Regional Director's response, the final step requires the prisoner to appeal within 30 days of that response to the Office of General Counsel using a BP-11 form. *See* 28 C.F.R. § 542.15. That Office has 40 days in which to respond to the appeal, and this 40-day period may be extended once by 20 days. *See* 28 C.F.R. § 542.18. If the prisoner does not receive a response within the permitted time, including any extension, the appeal is viewed as denied. *Id.* The appeal to the Office of General Counsel is the final administrative appeal provided by the Bureau of Prisons. *Id.*

Watson's petition shows that she has failed to fully exhaust her administrative remedies before filing her habeas petition. Watson admits that at the time she filed her § 2241 habeas petition in federal court, her administrative remedy to the Regional Director was pending. (*See* Docket Entry No. 1 at 6). Watson has not fully exhausted her available administrative remedies before filing suit in federal court. Watson failed to fairly present her claim through all steps of the

3

administrative remedy process before filing her habeas petition. Her petition is dismissed without prejudice for lack of exhaustion.

To the extent Watson is requesting transfer to a halfway house, the court cannot grant this relief. "The Bureau of Prisons has the sole authority to designate a prisoner's place of incarceration." *United States v. Chaney*, 823 F. App'x 278, 279 (5th Cir. 2020) (per curiam) (citing 18 U.S.C. § 3621(b) and *United States v. Voda*, 994 F.2d 149, 151-52 (5th Cir. 1993)). "No inmate has a constitutional right to be housed in a particular place or any constitutional right to early release." *Cheek v. Warden of Fed. Med. Ctr.*, 835 F. App'x 737, 740 (5th Cir. 2020) (per curiam) (citing *Wottlin v. Fleming*, 136 F.3d 1032, 1037 (5th Cir. 1998) and *Rublee v. Fleming*, 160 F.3d 213, 217 (5th Cir. 1998)). This court lacks jurisdiction over any request for transfer.

**III.     Conclusion**

Watson's petition is dismissed without prejudice because she failed to exhaust her administrative remedies. The court denies as moot any remaining pending motions. No certificate of appealability will be issued. *See Padilla v. United States*, 416 F.3d 424, 425 (5th Cir. 2005) (per curiam); *Pack v. Yusuff*, 218 F.3d 448, 451 n.3 (5th Cir. 2000).

SIGNED on February 5, 2025, at Houston, Texas.

_____
Lee H. Rosenthal
Senior United States District Judge